UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN MCCLOUD, | No. EDCV 08-1084-RC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Franklin McCloud filed a complaint on August 18, 2008, seeking review of the Commissioner's decision denying his application for disability benefits. On January 15, 2009, the Commissioner answered the complaint, and the parties filed a joint stipulation on February 2, 2009.

**BACKGROUND**

**I**

On June 23, 2006, plaintiff applied for disability benefits under the Supplemental Security Income program ("SSI") of Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1382(a), claiming an

1 inability to work since June 16, 2006, due to arthritis, anxiety,
2 shoulder pain, and seizures. Certified Administrative Record ("A.R.")
3 63-69, 81. The plaintiff's application was initially denied on
4 December 5, 2006, and was denied again on January 22, 2007, following
5 reconsideration. A.R. 29-32, 36-41. The plaintiff then requested an
6 administrative hearing, which was held before Administrative Law Judge
7 Joseph D. Schloss ("the ALJ") on January 14, 2008. A.R. 16-26, 33.
8 On May 19, 2008, the ALJ issued a decision finding plaintiff is not
9 disabled. A.R. 5-15. The plaintiff appealed this decision to the
10 Appeals Council, which denied review on June 27, 2008. A.R. 1-4.

**II**

The plaintiff, who was born on October 30, 1951, is currently 57 years old. A.R. 63. He has a B.A. in political science from Southern Methodist University, and has previously worked as a cab driver, food server, day laborer, maintenance worker and custodian. A.R. 82, 86, 88-95, 254.

On September 14, 2006, Nicholas N. Lin, M.D., an internist, examined plaintiff and diagnosed him with seizure disorder, hypertension, hyperlipidemia, and anxiety and depression, by history.[1] A.R. 241-46. Dr. Lin opined:

---

[1] Since plaintiff agrees that "the ALJ fairly and accurately summarized the material medical evidence" with the exception of the opinions of two examining physicians, Jt. Stip. at 2:15-18, the Court summarizes only those two physicians' opinions, and not plaintiff's extensive medical records from Loma Linda Veterans Administration Medical Center. See A.R. 145-240, 274-320.

2

    [plaintiff] can lift or carry 50 pounds occasionally and 25 pounds frequently.  He can stand or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday.  He can bend, stoop, crouch, kneel, and climb stairs frequently.  There are no manipulative, communicative, or environmental limitations.  His visual limitation is as per the visual acuity test by Snellen chart.  He is to avoid hazardous measures such as driving, operating machines, handling fires, working at unprotected heights, or swimming given the history of seizure disorder.

A.R. 245-46.

    On October 31, 2006, psychiatrist Romualdo R. Rodriguez, M.D., examined plaintiff and diagnosed him as having marijuana abuse/ dependence, rule out polysubstance dependence, and a dysthymic disorder, and determined plaintiff's Global Assessment of Functioning ("GAF") was 60.[2]  A.R. 252-59.  Dr. Rodriguez opined plaintiff:  is able to understand, remember, and carry out simple one or two-step job instructions and detailed and complex instructions; and is "slightly limited" in his ability to: relate and interact with supervisors, coworkers, and the public, maintain concentration, attention,

---

[2] A GAF of 60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)."  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. (Text Revision) 2000).

3

persistence and pace, associate with day-to-day work activity, including attendance and safety, adapt to the stresses common to a normal work environment, maintain regular attendance in the work place and perform work activities on a consistent basis, and perform work activities without special or additional supervision.  A.R. 258.

## DISCUSSION

### III

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision.  Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009); Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case.  20 C.F.R. § 416.920.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in

4

substantial gainful activity.  20 C.F.R. § 416.920(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 416.920(c).  If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 416.920(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 416.920(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 416.920(g).

Moreover, where there is evidence of a mental impairment that may prevent a claimant from working, the Commissioner has supplemented the five-step sequential evaluation process with additional regulations addressing mental impairments.  <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154 F.3d 913, 914 (9th Cir. 1998) (per curiam).  First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work.  20 C.F.R. § 416.920a(b)(1).  Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation.  20 C.F.R. § 416.920a(c)(2-4).  Third, after rating the degree of loss, the ALJ must determine whether the

claimant has a severe mental impairment. 20 C.F.R. § 416.920a(d). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing. 20 C.F.R. § 416.920a(d)(2). Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 416.920a(c)(3)]." 20 C.F.R. § 416.920a(d)(3), (e)(2).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since the application date, June 23, 2006. (Step One). The ALJ then found plaintiff has the severe impairments of a dysthymic disorder,[3] marijuana abuse, pseudo-seizure disorder, and degenerative disc disease (Step Two); however, plaintiff does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). Finally, the ALJ determined plaintiff can perform his past relevant work as a cab driver and as a custodian; therefore, he is not disabled. (Step Four).

**IV**

"At Step Four, claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari,

---

[3] In reaching this conclusion, the ALJ found plaintiff has "mild" restrictions in the activities of daily living, "mild" difficulties maintaining social functioning and concentration, persistence or pace, and has experienced no episodes of decompensation. A.R. 11.

6

1  249 F.3d 840, 845 (9th Cir. 2001); Webb v. Barnhart, 433 F.3d 683, 686
2  (9th Cir. 2005).  "Although the burden of proof lies with the claimant
3  at step four, the ALJ still has a duty to make the requisite factual
4  findings to support his conclusion."  Pinto, 249 F.3d at 845.  To
5  determine whether a claimant has the residual functional capacity
6  ("RFC") to perform his past relevant work,[4] the ALJ "must ascertain
7  the demands of the claimant's former work and then compare the demands
8  with his present capacity."  Villa v. Heckler, 797 F.2d 794, 797-98
9  (9th Cir. 1986); Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir.
10 1990).  "This requires specific findings as to the claimant's [RFC],
11 the physical and mental demands of the past relevant work, and the
12 relation of the residual functional capacity to the past work."
13 Pinto, 249 F.3d at 845.

15      The ALJ found plaintiff retains the RFC to perform the full range
16 of medium work except he can only occasionally climb, but not climb
17 ladders, and he cannot work at unprotected heights or operate
18 hazardous machines.  A.R. 12.  However, plaintiff contends the ALJ's
19 finding is not supported by substantial evidence because the ALJ did
20 not properly consider the opinions of examining physicians Drs. Lin
21 and Rodriguez, and did not properly establish plaintiff can perform
22 his past relevant work as a cab driver or custodian.  The plaintiff is
23 correct.

25      "[T]he Commissioner must provide 'clear and convincing' reasons

---

[4] A claimant's RFC is what he can still do despite his physical, mental, nonexertional and other limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001).

7

1  for rejecting the uncontradicted opinion of an examining physician[,]"
2  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Widmark v.
3  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006), and "[e]ven if
4  contradicted by another doctor, the opinion of an examining doctor can
5  be rejected only for specific and legitimate reasons that are
6  supported by substantial evidence in the record."  Regennitter v.
7  Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir.
8  1999); Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.
9  2008).

11     Dr. Lin opined plaintiff: can lift or carry 50 pounds
12  occasionally and 25 pounds frequently; can stand or walk for 6 hours
13  in an 8-hour workday and sit for 6 hours in an 8-hour workday; can
14  bend, stoop, crouch, kneel, and climb stairs frequently; and **must
15  avoid hazardous measures such as driving**, operating machines, handling
16  fires, working at unprotected heights, or swimming.  A.R. 245
17  (emphasis added).  The ALJ gave "substantial weight" to Dr. Lin's
18  opinions, A.R. 14, except for Dr. Lin's preclusion of plaintiff from
19  driving, which the ALJ did not address and implicitly rejected.  This
20  was clear legal error.  Smolen, 80 F.3d at 1286.  Moreover, since this
21  error was the basis for the ALJ finding plaintiff can perform his past
22  relevant work as a cab driver, the error is not harmless, and the
23  ALJ's Step Four determination that plaintiff can perform his past
24  relevant work as a cab driver is not supported by substantial
25  evidence.

27     Examining psychiatrist Dr. Rodriguez opined plaintiff is
28  "slightly limited" in his ability to:  relate and interact with

1 supervisors, coworkers, and the public; maintain concentration,
2 attention, persistence and pace, associate with day-to-day work
3 activity, including attendance and safety; adapt to the stresses
4 common to a normal work environment; maintain regular attendance in
5 the work place and perform work activities on a consistent basis; and
6 perform work activities without special or additional supervision.
7 A.R. 258.  The ALJ gave "some weight" to Dr. Rodriguez's opinions by
8 finding plaintiff has a severe mental impairment, A.R. 10, 12, but the
9 ALJ did not address and implicitly rejected the mental limitations Dr.
10 Rodriguez found.  See Bray v. Astrue, 554 F.3d 1219, 1228 (9th Cir.
11 2009) ("If an ALJ finds a severe impairment at step two, that
12 impairment must be considered in the remaining steps of the sequential
13 analysis.").  Once again, the ALJ committed clear legal error by
14 failing to address and implicitly rejecting the mental limitations Dr.
15 Rodriguez found.  Smolen, 80 F.3d at 1286.

17 Moreover, this error was not harmless.  Hypothetical questions
18 posed to a vocational expert must consider all of the claimant's
19 limitations, Bray, 554 F.3d at 1228; Thomas v. Barnhart, 278 F.3d 947,
20 956 (9th Cir. 2002), and "[t]he ALJ's depiction of the claimant's
21 disability must be accurate, detailed, and supported by the medical
22 record."  Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).
23 Here, the ALJ failed to include the mental limitations of plaintiff
24 Dr. Rodriguez found in the hypothetical question to vocational expert
25 Sandra Fioretti, whose response to the hypothetical question was the
26 basis for the ALJ's Step Four determination that plaintiff can perform
27 //
28 //

his past relevant work as a custodian.[5] A.R. 15, 23-26. "[B]ecause the ALJ erred in excluding some of [plaintiff's] limitations from the RFC assessment, and thus from the [vocational expert's] hypothetical, the [vocational expert's] testimony 'has no evidentiary value.'" Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted); see also Edlund v. Massanari, 253 F.3d 1152, 1160 (9th Cir. 2001) (ALJ erred in not including limitations from claimant's mental impairment in hypothetical question posed to vocational expert). For these reasons, the ALJ's RFC assessment, and Step Four determination that plaintiff can perform his past relevant work as a custodian, are not supported by substantial evidence. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056-57 (9th Cir. 2006); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004).

**V**

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, remand is appropriate so the ALJ can "reassess [plaintiff's] RFC, including all of his relevant limitations[,] . . . reassess the step-four conclusion

---

[5] The vocational expert also opined that plaintiff can perform his past relevant work as a food server, A.R. 24-25, but the ALJ did not adopt this portion of the vocational expert's testimony. A.R. 15.

1 in light of [plaintiff's] complete RFC and this opinion, and if
2 necessary, proceed to step five." Carmickle, 533 F.3d at 1167;
3 Widmark, 454 F.3d at 1070.

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  August 3, 2009            /S/ ROSALYN M. CHAPMAN
                                  ROSALYN M. CHAPMAN
                                  UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-1084.mdo
8/3/09

11